IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CV-00684-M

| | |
|---|---|
| RICARDO PERALTA GONZALEZ, | : |
| Plaintiff, | : |
| v. | : ORDER |
| WAKE COUNTY PUBLIC SCHOOL SYSTEMS, | : |
| Defendant. | : |

These matters come before the court on a Motion to Dismiss Complaint pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure [DE 11] filed by Wake County Board of Education ("Board") and Plaintiff's "Motion for Court Evidence and Response" [DE 18]. In this action, the Plaintiff, proceeding *pro se*, alleges that Defendant Wake County Public School Systems ("WCPSS") engaged in unlawful retaliation and discrimination based on his race and national origin when it placed him on suspension and terminated his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The Board seeks dismissal of this case, arguing that Plaintiff failed to (1) name the proper defendant, (2) serve the proper defendant, (3) establish this court's subject-matter jurisdiction with respect to certain alleged conduct, and (4) state a plausible claim for relief. Plaintiff timely responded to the motion to dismiss and filed a motion liberally construed as a request for the court's consideration of attached documentary "evidence" for its Rule 12(b)(6) analysis. For the reasons that follow, the court finds it lacks personal jurisdiction over the proper defendant and, thus, grants in part, denies in part, and denies without prejudice in

part the Board's motion, denies without prejudice the Plaintiff's motion, and grants the Plaintiff leave to file an Amended Complaint.

## I. Background

Plaintiff filed an application to proceed in this action *in forma pauperis* on December 18, 2020. On April 14, 2021, Magistrate Judge Numbers granted the application and directed the Clerk of the Court to file the operative Complaint (DE 5), in which Plaintiff alleges he suffered discrimination and retaliation based on his race and national origin when WCPSS placed him on suspension and terminated his employment. The Clerk issued a summons to "Wake County Public School Systems" and, pursuant to 28 U.S.C. § 1915(d), arranged for the United States Marshal to serve the Complaint, which was accomplished by certified mail on April 23, 2021. *See* DE 7.

The Board responded to the Complaint by filing the present motion to dismiss arguing that, because Plaintiff named the incorrect entity as a defendant and served the same incorrect entity, this court lacks personal jurisdiction over the correct entity, Wake County Board of Education. In addition, the Board asserts that the court lacks subject-matter jurisdiction over certain portions of Plaintiff's claims that are not specified in his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Finally, the Board contends that Plaintiff fails to state plausible claims of discrimination and retaliation in violation of Title VII. Plaintiff responded to the Board's motion expressing his belief that he has suffered discrimination and asking that the court refrain from dismissing his case while he seeks legal representation.

Plaintiff also filed a handwritten "motion for court evidence," to which he attached several documents purportedly for the court's consideration and stated his lack of an attorney to represent

2

him "in this moment."[1] The Board responded arguing essentially that the court should disregard any document not attached to Plaintiff's Complaint and, alternatively, the documents attached neither support Plaintiff's position nor negate the Board's arguments in its motion to dismiss.

## III. Analysis

Because the Board challenges this court's jurisdiction to adjudicate the matter as it is currently pled, the court must address the jurisdictional issues first:

> Courts must generally decide jurisdictional issues first. That is certainly true of subject matter jurisdiction: courts must always assure themselves of subject matter jurisdiction before reaching the merits, even if the parties have not raised it. It is also true of personal jurisdiction: even though personal jurisdiction may be waived, if it is timely raised, it too takes priority over the merits.

*Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019) (citations omitted).

### A. Rule 12(b)(1)

The Board argues that certain portions of the Plaintiff's claim, which are not alleged in his EEOC charge of discrimination, should be dismissed for the court's lack of subject-matter jurisdiction. The Board is incorrect.

In support of its argument, the Board cites a district court's opinion that relies on *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297 (4th Cir. 2009) for the proposition that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Id.* at 300. However, on June 3, 2019, *Jones* was specifically abrogated by the Supreme Court's opinion in *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019), in which the Court held that "Title VII's charge-filing requirement is not of jurisdictional cast." *Id.* at 1848, 1850. In *Fort Bend*, the defendant, arguing

---

[1] Plaintiff filed a Notice of Self-Representation on July 7, 2021 (DE 19); thus, the court does not construe Plaintiff's motion as a request for "appointment" of pro bono counsel. *See also* DE 23.

3

that the court lacked subject-matter jurisdiction, moved to dismiss the plaintiff's religion-based discrimination claim following remand by the Fifth Circuit Court of Appeals reversing the district court's grant of summary judgment as to the claim. *Id.* at 1848. The Supreme Court was asked to determine whether the fact that the plaintiff's discrimination claim was not alleged in her charge of discrimination constituted a jurisdictional issue that may be raised at any time during the litigation. *Id.* at 1846. The Court concluded that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id.* at 1851.

Therefore, the question whether the Plaintiff in this case has alleged a claim that is not described in his charge of discrimination is not jurisdictional in nature and must be addressed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure governing a party's failure to state a plausible claim for relief. The court denies the Board's motion to dismiss Plaintiff's Complaint for the court's lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

B.     Rules 12(b)(2), 12(b)(4), 12(b)(5)

The Board contends that, because Plaintiff named as a party and as a recipient of the summons issued in this case, "Wake County Public School Systems," an entity that does not "legally exist" (Memo., DE 12 at 19), the court has no personal jurisdiction (Rule 12(b)(2)) and the Plaintiff completed insufficient process (Rule 12(b)(4)) and insufficient service of process (Rule 12(b)(5)).

"Essentially, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery." *Wright v. Tyson Foods, Inc.*, No. 5:18-CV-27-D, 2018 WL 3232776, at *1 (E.D.N.C. June 30, 2018) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

4

§ 1353 (3d ed. 2004)). This court concludes that the Board's arguments challenge the Plaintiff's service of process primarily under Rule 12(b)(4). *See id.* ("A typical Rule 12(b)(4) challenge alleges that the entity named in the summons is different from the entity named in the complaint, and a typical Rule 12(b)(5) challenge alleges that the process was delivered by a person incapable of serving process (e.g., a party), to a person or entity incapable of receiving service (e.g., a minor), or that the service was delivered in an improper way (e.g., via first-class mail).").

This court can exercise jurisdiction over a defendant only if there is valid service of process on the defendant. *Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07CV00175, 2008 WL 942560, at *1 (M.D.N.C. Apr. 7, 2008) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). "[A] federal plaintiff may serve process on a local government by delivering a copy of the summons and complaint to its chief executive officer or by serving the local government in compliance with the law of the state where the federal court is located." *Pitts v. O'Geary*, 914 F. Supp. 2d 729, 734 (E.D.N.C. 2012) (citing Fed. R. Civ. P. 4(j)(2)). In North Carolina, the rule governing service on a board of education provides that service may be accomplished "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to [an authorized] officer, director, agent, or attorney-in-fact." N.C. R. Civ. P. 4(j)(5)(c)(iii).

In this case, the United States Marshal arranged service by sending a copy of the summons and complaint by certified mail to the party and address listed in the Complaint. Under North Carolina law, a mistake in a party's name is not always a fatal error; "[a] discrepancy in the precise name of a defendant's organizational form also does not automatically render process legally insufficient." *See Shaver*, 2008 WL 942560, at *1 (denying motion to dismiss pursuant to Rule 12(b)(4) where pro se plaintiff failed to include "Inc." at the end of the defendant's name); *see also*

*Jones v. Whitaker*, 59 N.C. App. 223, 225 (1982) (finding process was sufficient where summons named defendant "Shirley Sapp Whitaker" rather than "Sherrie Sapp Whitaker"); *Harris v. Maready*, 319 S.E.2d 912, 918 (N.C. 1984) (finding that summons that mistakenly identified law firm, a partnership, as a "P.A.," a professional association, could be corrected). Where, as here, the "misdescription does not leave in doubt the identity of the party to be sued," it can be corrected by amendment during the suit. *Shaver*, 2008 WL 942560, at *1 (quoting *Harris*, 319 S.E.2d at 919); *see also Smith v. Genuine Auto Parts Inc.*, No. 3:12-CV-273-RJC-DCK, 2012 WL 6728279, at *3 (W.D.N.C. Dec. 28, 2012) ("The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced.") (quoting *Jester v. Steam Packet Co.*, 42 S.E. 447, 448 (N.C. 1902)). Therefore, the court will not dismiss this action based solely on the Plaintiff's misidentification of the Defendant, particularly where notice has been received by the correct entity.

But that does not end the inquiry. In *Shaver*, the court addressed the pro se plaintiff's error in failing to direct the summons to an "officer, director, or agent" of the corporate defendant. *Id.* at *2. Likewise, here, the summons was not directed to an authorized "officer, director, agent, or attorney-in-fact" as required by N.C. R. Civ. P. 4(j)(5). "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant." *Id.* (citing *Stack v. Union Reg'l Mem. Med. Ctr., Inc.*, 614 S.E.2d 378, 382 (N.C. App. 2005)); *see also Thomas & Howard Co. v. Trimark Catastrophe Serv. Inc.*, 564 S.E.2d 569, 571 (N.C. App. 2002) ("Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.").

Notably, although the plaintiff in *Shaver* proceeded *pro se*, as Plaintiff does here, there is no indication that Shaver also proceeded *in forma pauperis*, which Plaintiff does here. This is notable because Plaintiff was not responsible for arranging service of process in this case; the United States Marshal was. Some courts have concluded under such circumstances that dismissal was unnecessary. *See, e.g., Clark v. AT & T Corp.*, No. 8:13-CV-02278-AW, 2013 WL 6014343, at *2 (D. Md. Nov. 12, 2013) (where insufficient service of process was effected by the U.S. Marshal for an indigent plaintiff, the court quashed the service rather than dismissed the case); *Davis v. Thompson*, No. 214CV20467, 2015 WL 4885035, at *2 (S.D.W. Va. July 16, 2015), *report and recommendation adopted*, No. 2:14-CV-20467, 2015 WL 4886555 (S.D.W. Va. Aug. 14, 2015) (same); *Richardson v. Wellpath Health Care*, No. 1:20CV777, 2021 WL 5235334, at *9 (M.D.N.C. Nov. 10, 2021) (Auld, M.J.) (recommending the same).

However, it is undisputed that the Clerk of the Court, who prepared the summons, and the Marshal, who arranged delivery, used the information *provided by Plaintiff*; therefore, this court must conclude that Plaintiff was in error and responsible for the defect in process. *See Shaver*, 2008 WL 942560, at *2 (finding service of process deficient despite actual notice and granting motion to dismiss pursuant to Rule 12(b)(5)).

Therefore, the court will dismiss this action against WCPSS without prejudice, direct the Plaintiff to file an Amended Complaint, which shall contain all facts supporting Plaintiff's discrimination and retaliation claims against the "Wake County Board of Education,"[2] and order the Marshal to serve the amended pleading on the proper party.

---

[2] "Ordinarily, an amended complaint supersedes those that came before it." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). Therefore, because the original complaint is no longer operable when an amended pleading is filed, the amended pleading must contain all facts and all claims the plaintiff seeks to

7

## IV. Conclusion

The court finds that it lacks personal jurisdiction in this action as currently pled by the Plaintiff. Accordingly, it may not proceed to address the Board's Rule 12(b)(6) arguments or the Plaintiff's "motion for court evidence." *See Jordan*, 921 F.3d at 187.

Therefore, the Plaintiff's "Motion for Court Evidence" [DE 18] is DENIED WITHOUT PREJUDICE. The Board's Motion to Dismiss Plaintiff's Complaint [DE 7] is DENIED IN PART with respect to Defendant's request to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(5), DENIED WITHOUT PREJUDICE IN PART with respect to the Board's Rule 12(b)(6) arguments, and GRANTED IN PART pursuant to Rules 12(b)(2) and Rule 12(b)(4) with respect to Plaintiff's incorrect naming of WCPSS in the Complaint, which was copied to the summons in this case. As set forth herein, dismissal in these respects is without prejudice; the court grants Plaintiff leave to file an Amended Complaint alleging all facts supporting both his discrimination and retaliation claims against the "Wake County Board of Education" **on or before February 11, 2022**. If Plaintiff fails to file an amended pleading before the deadline, the court will close this case.

SO ORDERED this 12th day of January, 2022.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

allege against a defendant, limited in scope—particularly in the employment context—to any administrative prerequisites.